## Lottie Oldfield and Herschel Oldfield, Appellees, v. F. G. Boggs, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 5, 1918.

### Statement of the Case.

Action of replevin by Lottie Oldfield and Herschel Oldfield, plaintiffs, against F. G. Boggs, defendant, to recover 33 bushels of grain alleged to have been the property of the plaintiffs. Upon a return by the officer that the wheat could not be found, the action proceeded in trover. From a judgment for plaintiffs for $32.67, defendant appeals.

NOLEMAN & SMITH, for appellant.

G. F. MERION, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Oldfield et al. v. Boggs, 210 Ill. App. 617.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 179*—*when rule that undisclosed principal must enforce contract as whole is inapplicable.* The rule that an undisclosed principal endeavoring to enforce the contract of his agent made with one ignorant of the agency must enforce it as a whole and subject to every defense which existed against the agent has no application where the right of recovery is not predicated upon the contract made by the agent with the third person.

2. PRINCIPAL AND AGENT, § 111*—*when third person may retain threshed grain for services.* One cutting and threshing grain for another under agreement with an authorized agent of the owner may retain the grain until paid for his services.

3. TROVER AND CONVERSION, § 38*—*when defendant holding threshed grain may show agreement for threshing and for payment of debt of owner of land out of grain.* Where, in an action of trover for the conversion of wheat, plaintiff claimed that under an agreement with his father that the crop was to be his, he sowed the wheat on land owned by his father, and the latter was permitted to testify to a contract with defendant for the cutting and threshing of the grain by defendant, it was error to exclude evidence by the latter that, upon the repetition of the contract in the presence of plaintiff, defendant agreed to care for and thresh the wheat if a debt owed by the father to defendant would be paid out of the wheat, and the amount of such indebtedness, since defendant was entitled to present his version of the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.